**FILED**
**Mar 26, 2021**
**12:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **BARBARA McGINNIS,** | ) | **Docket No. 2019-08-1005** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 94206-2019** |
| **RANGE LINE DISCOUNT DELI,** | ) | |
| **Uninsured Employer.** | ) | **Judge Amber Luttrell** |

---

## COMPENSATION ORDER

---

The Court held a Compensation Hearing on March 4, 2021, on Ms. McGinnis's request for permanent partial disability, temporary disability, and past medical expenses. Range Line Discount Deli did not appear or participate in this case. For the reasons below, the Court holds Ms. McGinnis proved she is entitled to permanent partial disability benefits totaling $57,600 and future medical benefits, but she is not entitled to temporary disability or past medical expenses.

### History of Claim

Ms. McGinnis worked as a cook for Range Line Discount Deli. On July 20, 2019, she injured her back, neck, and right side of her body when she tripped over a piece of aluminum, slipped in water, and fell to the floor at work.

Ms. McGinnis reported the injury, but Range Line did not provide authorized treatment. Therefore, Ms. McGinnis sought emergency treatment at Methodist Hospital for her injuries. The physician took x-rays, prescribed medication, and released her to follow up with her personal physician.

Several months later, Ms. McGinnis sought further treatment at Regional One Health for ongoing symptoms in her neck, right shoulder, back, and right foot, which she related to her fall at work.[1] She received conservative treatment from Dr. Christopher

---

[1] Ms. McGinnis stated she was unable to obtain a follow-up appointment with her personal physicians for several months.

Jackson throughout 2019 and 2020 for chronic back, neck, and right-shoulder pain. She also sought acupuncture treatment for her back with Jian Yan, LAc.

In August of 2020, Dr. Jackson reviewed thoracic and lumber MRIs and explained to Ms. McGinnis that they showed multiple areas of disc bulge without spinal cord impingement. They discussed initiating a long-term opioid treatment contract with plans to initiate tramadol for her back pain.[2]

In his C-32 Standard Form Medical Report, Dr. Jackson noted Ms. McGinnis's thoracic and lumbar back pain. He noted her injury was "disc protrusion on MRI" from Ms. McGinnis's slip and fall at work. He stated the injury resulted in the need for treatment and resulted in disablement. He further concluded that her employment, more likely than not, was primarily responsible for her injury or need for treatment. Regarding maximum medical improvement, Dr. Jackson noted that the date was "unclear" but stated "she has improved as of my visit on January 15, 2021." He assigned a 50% permanent impairment to the body as a whole.

Ms. McGinnis introduced medical bills from the City of Memphis EMT Services, Methodist Hospital, Regional One Health (Drs. Sethi and Jackson), Memphis Radiology, and One Clinic Express (Jian Yan, Lac).

After Range Line declined to provide benefits, Ms. McGinnis filed a Petition for Benefit Determination, and the Bureau initiated an investigation. A compliance specialist's report found that Range Line is owned by Nabil Haimed. The specialist interviewed Ms. McGinnis; Nassar, one of Mr. Haimed's sons who helped run the business; and "Big Ali," another family member, who stated he was the manager. Big Ali said Range Line had a workers' compensation policy, but he could not provide any proof of coverage. The specialist noted he found no policy for Range Line in NCCI, and Ms. McGinnis said she worked with seven other employees. Finally, the specialist confirmed Ms. McGinnis is a Tennessee resident and that she provided notice to the Bureau of her employer's lack of coverage within sixty days of her injury.

After an Expedited Hearing, the Court ordered Range Line to provide a panel of physicians for treatment and held Ms. McGinnis satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) to be eligible to request limited medical benefits from the Uninsured Employer's Fund at the Administrator's discretion.

Ms. McGinnis seeks permanent partial disability benefits, temporary disability benefits, and payment of her past medical bills. She testified her average weekly wage was $384 resulting in a compensation rate of $256.

---

[2] Ms. McGinnis did not introduce any of Dr. Jackson's records after the August 28, 2020 visit.

**Findings of Fact and Conclusions of Law**

At a Compensation Hearing, Ms. McGinnis must prove by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2020).

To prove a compensable injury, Ms. McGinnis must show that her alleged injuries arose primarily out of and in the course and scope of her employment. To do so, she must prove a work-related incident identifiable by time and place of occurrence. Further, she must show, to a reasonable degree of medical certainty, that the incident contributed more than fifty percent in causing the disablement or need for medical treatment, considering all causes. A "reasonable degree of medical certainty" means that, in the treating physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. *See generally* Tenn. Code Ann. § 50-6-102(14)(A)-(D). Thus, causation must be proven by expert medical testimony.

Applying these principles, Ms. McGinnis's undisputed testimony and the medical proof showed that she injured her back when she fell on July 20, 2019. Therefore, the Court holds she established a specific incident, identifiable by time and place of occurrence.

Further, the proof showed that Ms. McGinnis's work injury resulted in the need for treatment and that the employment activity, more likely than not, was primarily responsible for the injury and need for treatment. She reached maximum medical improvement on January 15, 2021, and her injury resulted in 50% permanent impairment. Thus, based on Dr. Jackson's opinions, the Court holds Ms. McGinnis's back injury arose primarily out of and in the course and scope of her employment and resulted in 50% permanent impairment to the whole person.

Accordingly, the Court holds Ms. McGinnis proved by a preponderance of the evidence that she is entitled to permanent partial disability benefits totaling $57,600, which was calculated by multiplying 225 weeks by her compensation rate of $256. *See* Tenn. Code Ann. § 50-6-207(3)(A). Further, she is entitled to future medical benefits for her back injury with Dr. Jackson. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A).

Turning to Ms. McGinnis's request for temporary disability benefits, Ms. McGinnis must show (1) she became disabled from working due to a compensable injury, (2) a causal connection between that injury and her inability to work, and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). While Ms. McGinnis introduced medical records concerning her treatment for the work injury, she did not introduce any off-work notes or other evidence sufficient to satisfy these factors. Thus, her request for temporary disability benefits is denied.

Ms. McGinnis also requested payment of her medical bills. While Ms. McGinnis submitted bills corresponding with her medical records, the Court finds some records and bills included treatment for unrelated health conditions, and Ms. McGinnis did not prove the charges were reasonable and necessary for the work injury. Without an expert opinion, the Court cannot speculate as to the reasonableness, necessity, and causal relationship of the treatment and charges to the work injury. *See Eaves v. Ametek, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 57, at *8-9 (Sept. 14, 2018) (Trial court erred in ordering employer to pay medical expenses when the employee offered no proof that the expenses were reasonable, necessary, or causally related to the work accident). Thus, the Court holds that Ms. McGinnis did not show she is entitled to payment of past medical expenses.

Finally, the Court previously held in its Expedited Hearing Order that Ms. McGinnis satisfied the requirements of Tenn. Code Ann. §50-6-801(d) such that the Uninsured Employers Fund has *discretion* to pay *limited medical expenses*. The Court incorporates those findings by reference and holds this Order serves as a judgment for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Range Line shall pay Ms. McGinnis permanent partial disability benefits totaling $57,600, for which execution may issue.

2. Range Line shall provide Ms. McGinnis medical benefits with Dr. Christopher Jackson under Tennessee Code Annotated section 50-6-204.

3. Ms. McGinnis's requests for temporary disability benefits and past medical benefits are denied.

4. Ms. McGinnis satisfied the requirements of Tennessee Code Annotated section 50-6-801(d).

5. The filing fee of $150.00 is taxed to Range Line and shall be paid within five business days of this order becoming final or all appeals are exhausted. Execution might issue if necessary.

6. Ms. McGinnis shall file a Statistical Data Form (SD-2) within ten business days of entry of this order.

7. Unless appealed, this Order shall become final thirty calendar days after entry.

**ENTERED March 26, 2021.**

*Amber E. Luttrell*
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Request for Investigation and Expedited Request for Investigation Report
2. Text messages
3. Medical bills- City of Memphis EMS Services
4. Medical records- Methodist Hospital
5. Medical bills- Methodist Hospital
6. Medical records-Regional One Health
7. Medical bills- Regional One Health (Drs. Sethi and Jackson)
8. Medical Bills- Memphis Radiology
9. Medical records and bills- One Clinic Express
10. Dr. Jackson letter
11. Dr. Jackson's C-32 and CV

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Expedited Hearing Order
4. Scheduling Order
5. List of proposed exhibits
6. Pre-Compensation Hearing Statement
7. Order Converting In-Person Compensation Hearing to Telephonic Hearing
8. Dispute Certification Notice – (post-discovery)

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on March 26, 2021.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Barbara McGinnis, Self-represented Employee | | X | X | 2448 Wellons Ave., Memphis, TN 38127 barbaramcginnis9@gmail.com |
| Range Line Discount Deli, Uninsured Employer | X | X | | 3467 Range Line Rd., Memphis, TN 38127 |
| LaShawn Pender, Program Coordinator | | | X | lashawn.pender@tn.gov |

| Compliance Unit | | | X | amanda.terry@tn.gov |
|---|---|---|---|---|

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court.  To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board.  *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____  ☐Employer ☐Employee

Appellee's Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month   Medical/Dental  $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone   $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing   $ _____ per month |
| Gas | $ _____ per month | Child Care  $ _____ per month |
| Transportation | $ _____ per month | Child Support  $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed         To Whom

_____       _____

_____       _____

_____       _____

_____       _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                        RDA 11082